## TEXACO PRODUCING, INC., Plaintiff–Appellant,

v.

**Donald P. HODEL, Secretary of the Interior, Defendant–Appellee,**

**State of Wyoming; Ed Herschler, Governor of the State of Wyoming; Jackson Hole Alliance for Responsible Planning, a Wyoming Corporation; Bar T Five Outfitters, a Wyoming Corporation; Paul G. Gilroy; Pete Cameron; Louise Murie MacLeod; James R. Little, M.D.; H.L. Jensen; Leslie Peterson; Harold Turner; the Sierra Club, a nonprofit corporation; and the Wilderness Society, a nonprofit corporation, Intervenors–Appellees.**

No. 85–2338.

United States Court of Appeals, Tenth Circuit.

March 11, 1988.

Marilyn S. Kite, Holland & Hart, Cheyenne, Wyo. (Jerome C. Muys, John F. Shepherd, Holland & Hart, Washington, D.C., and John A. Ramsey, Texaco Producing,

Inc., Denver, Colo., with her on the brief), for plaintiff-appellant.

Robert L. Klarquist, Dept. of Justice, Washington, D.C. (F. Henry Habicht, II, Asst. Atty. Gen., Washington, D.C., Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., Dirk D. Snel, Dept. of Justice, Washington, D.C., and Gina Guy, Regional Sol., Dept. of the Interior, Denver, Colo., with him on the brief), for defendant-appellee.

Karin P. Sheldon, Sierra Club Legal Defense Fund, Denver, Colo. (William S. Curtiss, Sierra Club Legal Defense Fund, San Francisco, Cal., with her on the brief), for intervenors-appellees The Sierra Club and The Wilderness Society.

Jennifer Hager, Asst. Atty. Gen., Cheyenne, Wyo., (A.G. McClintock, Atty. Gen., Wyoming, and Steven R. Shanahan, Sr. Asst. Atty. Gen., Cheyenne, Wyo., with her on the brief), for intervenors-appellees State of Wyo., and Governor Ed Herschler.

Henry C. Phibbs II, Phibbs & Resor, P.C., Jackson, Wyo., and Robert P. Schuster, Spence, Moriarity & Schuster, Jackson, Wyo., for intervenor-appellee Jackson Hole Alliance For Responsible Planning.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-appellant Texaco Producing, Inc. (Texaco), a successor in interest to Getty Oil Company (Getty), appeals the judgment of the district court upholding a decision by the Interior Board of Land Appeals (IBLA). The IBLA decision vacated approval of Getty's application for a permit to drill an exploratory oil and gas well on the Bear Thrust unit located in the Teton National Forest. The IBLA ruled that an environmental impact statement (EIS) prepared to evaluate Getty's application for a permit to drill a well on leased federal lands was deficient for failure to consider a "no action alternative," i.e., total denial of access to the lease for drilling purposes. The IBLA therefore remanded the case to the Bureau of Land Management for preparation of a supplemental EIS which would consider the alternative of outright denial

of Getty's Application for a Permit to Drill (APD). The IBLA's finding was based upon its conclusion that the Department of the Interior could refuse to permit drilling upon the leasehold as a condition of the suspension [1] where the suspension was requested by the lessee. Getty appealed to the District Court of Wyoming. The district court affirmed the decision of the IBLA. Texaco then appealed the district court opinion.

Appellant Texaco raised the same issues on appeal that were raised below. We have considered, in light of the record, the arguments and the authorities presented by appellant, and we affirm for substantially the reasons stated in the district court's order.

AFFIRMED.

---

1. A suspension is a "temporary or partial withholding of it from use or exercise.... a suspended right is susceptible of being revived, ..."

BLACK'S LAW DICTIONARY 1297 (5th ed. 1979).